# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>        Plaintiff,<br><br>   v.<br><br>B. OGLETREE, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-1553-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 20)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Kory T. O'Brien ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, filed on November 3, 2020, and allowed Plaintiff leave to amend. Plaintiff's first amended complaint, filed on February 5, 2021, is currently before the Court for screening. (ECF No. 9.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) B. Ogletree, Correctional Officer, and (2) T. Costa, Lt. Correctional Officer.

In claim 1, Plaintiff alleges retaliation against B. Ogletree and T. Costa. On February 16, 2020, Plaintiff asked Defendant Ogletree during dinner release when would be a good time for her to have legal mail inspected and signed. Defendant Ogletree told Plaintiff that it would be at p.m. medication distribution.

At about 19:50, Plaintiff was released for medication distribution. Upon return to the housing unit, Plaintiff waited patiently outside of the officer control situation room. Defendant Ogletree asked what Plaintiff wanted and went inside the control station. Plaintiff told Defendant Ogletree that he had legal mail that needed to be inspected and a signature on the CDCR Form 22. Defendant Ogletree became agitated and informed Plaintiff she would not sign the CDCR Form 22. Plaintiff told Ogletree under Title 15, Ogletree's signature was required. Ogletree said that she would not sign and was denying his access to courts. Plaintiff told Ogletree that she was

2

denying Plaintiff's right of access to the Courts, and he was going to file a 602 grievance against her. Ogletree used profanity and ordered Plaintiff to go back to his cell. Plaintiff followed the order, but told Ogletree that he was going to file a 602 grievance against her.

On February 17, 2020, Plaintiff received a Rules Violation Report ("RVR") by Defendant Ogletree. Lt. Costa was the reviewing supervisor and approved the RVR. The RVR was for "disobeying an order." The only order given by Ogletree was for Plaintiff to return to his cell, which Ogletree admits in the RVR that Plaintiff followed that order.[1] Plaintiff stated his intent to file a grievance against Ogletree and Ogletree admits Plaintiff's intent in the RVR. The adverse action by Ogletree was that Plaintiff had a false disciplinary rules violation report filed against him. Ogletree filed the false RVR in retaliation for Plaintiff's exercising his right and intent to file a grievance against Ogletree. Plaintiff argues that there is a causal connection because after Plaintiff threatened to file a grievance against Ogletree, Ogletree then filed an RVR for disobeying an order, soon after Plaintiff threatened to file a 602. Plaintiff alleges that the filing of an RVR would chill a person of ordinary firmness because an RVR impacts whether inmate is in a rehabilitative group, removed from group, or other consequences. Plaintiff alleges that the RVR had no penological purpose because Plaintiff did not pose a substantial threat to prisoners, staff or security and discipline of the institution. The RVR says that after Ogletree gave the order to return to Plaintiff's cell, and states that Plaintiff began to walk around the officer toward his cell. Plaintiff did not disobey the order. Therefore, there was no penological reason to file the false RVR.

In Claim 2, Plaintiff alleges supervisor liability against Defendant Costa. Defendant Costa was Defendant Ogletree's supervisor who reviewed and approved the RVR. In the RVR, Ogletree states Plaintiff's intent to file a grievance and the Plaintiff followed a direct order. Without Defendant Costa's involvement and participation in the false RVR, the RVR could not have been filed. Defendant Costa reviewed Ogletree RVR and read that a report was being filed

---

[1] In the First Amended Complaint, Plaintiff includes a "Discussion" section which argues case authorities for retaliation. For purposes of screening, the Court ignores the case authorities in the FAC and identifies the factual allegations stated in the "Discussion" section.

3

for disobeying an order while Plaintiff followed the order and Plaintiff intended to file a grievance. Defendant Costa read and reviewed the report and approved the false RVR.

Plaintiff seeks compensatory damages and punitive damages. He seeks an injunction to have the RVR removed from Plaintiff's central file.

### III. Discussion

#### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. Entler, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.)

Plaintiff states a claim of retaliation against Defendant Ogletree. Plaintiff alleges sufficient factual support that Ogletree took an adverse action, the RVR, against Plaintiff for saying Plaintiff would file a 602 grievance against Ogletree.[2]

///

---

[2] The allegation that Plaintiff told Ogletree Plaintiff would file a 602 against Ogletree forms the basis for a potential retaliation claim. Plaintiff's written 602 did not occur until after the RVR was given to Plaintiff. Therefore, the written 602 does not form the basis for a potential retaliation claim.

4

Liberally construing the allegations, Plaintiff states a cognizable claim for retaliation against Defendant Costa.

**B.      Conspiracy**

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. Plaintiff does not provide any specific facts showing that any of the Defendants had an agreement to violate his constitutional rights.  This is particularly so since the RVR was issued, which Defendant Costa signed off on, before Plaintiff

filed his 602 grievance. Plaintiff has been unable to cure this deficiency.

### C. Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (citing Lewis, 518 U.S. at 353 & n.4). In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Although Plaintiff contends in conclusory fashion that he been denied access to the courts because Defendant Olgetree would not sign off on his legal mail, he fails to demonstrate actual injury in relation to any pending, nonfrivolous case. Plaintiff fails to state a cognizable claim for denial of access to the courts.  Plaintiff has been unable to cure this deficiency.

### D. False Reports/Due Process

Plaintiff claims Defendants Olgetree and Costa made false claims against him. However, the issuance of a false allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing

Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir. 1986)).

### E.  Injunctive Relief

Plaintiff seeks the removal of the RVR from his central file.

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Indeed, a court's duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, a task for which courts are ill-equipped. Toussaint v. McCarthy, 801 F.2d 1080, 1086 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff does not allege Defendants have authority to expunge Plaintiff's RVR from his central file. "[T]he pendency of the present action does not automatically give the Court jurisdiction over all prison officials in general or over the expungement of rule violations from prisoner files at a given institution." Aubert v. Madruga, No. 1:13-CV-01659-AWI-EPG (PC), 2016 WL 2866419, at *7-8 (E.D. Cal. May 17, 2016), report and recommendation adopted, 2016 WL 4494478 (E.D. Cal. Aug. 25, 2016) (denying injunctive relief because the court lacks jurisdiction to compel non-party prison officials to expunge rule violations from plaintiff's central file solely based on the pendency of a lawsuit against defendant prison officials in their official capacity where defendants lack authority to expunge plaintiff's rule violations); see also Ingram v. Rachal, No. CV 19-5605-DOC (KK), 2019 WL 3781603, at *3 (C.D. Cal. Aug. 12, 2019)

(finding the court lacks jurisdiction to compel non-party prison officials to remove the RVR's and Counseling Chrono from Plaintiff's Central File).

Plaintiff's request for injunctive relief in the form of removal of the RVR cannot be granted because there is no ability to grant the requested relief. The Court cannot grant Plaintiff's request for relief to remove the RVR, as the validity is not the subject of this case, and the Defendants do not have the authority to remove the RVR.

**IV.     Order and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendants Ogletree and Costa for retaliation in violation of the First Amendment, but fails to state any other cognizable claim against any Defendant.  Plaintiff's request for injunctive relief to remove the RVR should also be dismissed.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on February 5, 2021, for retaliation in violation of the First Amendment against Defendants Ogletree and Costa; and
2. All other claims and defendants, including the request for injunctive relief, be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 15, 2021**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE